IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MITCHELL A. FLEISHER, *Plaintiff,* v. HOW2CONNNECT.COM, *et al.*, *Defendants.* | CASE NO. 3:14-cv-00045 **MEMORANDUM OPINION** JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Mitchell A. Fleisher's ("Mr. Fleisher," or "Plaintiff") Motion for Default Judgment against Defendant How2Connect.com, Inc., doing business as 1VirtualHealth.com ("H2C," or "Defendant"). Mr. Fleisher initiated this action on October 8, 2014, alleging breach of contract by H2C, claiming that the company had defaulted on loans he had made to it under six separate promissory notes. On November 11, 2014, H2C entered a formal appearance in this case. However, before H2C filed a responsive pleading, Plaintiff and H2C agreed that Plaintiff would file an Amended Complaint adding 1VirtualHealth.com, Inc. ("1VH") as a co-defendant, that H2C would accept service of the Amended Complaint on behalf of both 1VH and H2C, and that 1VH would file a responsive pleading. Plaintiff's Amended Complaint asked for liquidated damages for the entire principal amount and accrued interest for all six promissory notes, as well as attorney's fees. The Amended Complaint also asserted a cause of action against 1VH for joint and several liability on the grounds that the corporation had been formed to fraudulently evade H2C's obligations under the promissory notes, and that as such it was an alter ego of H2C.

On February 19, 2015, co-defendant 1VH moved for entry of a consent judgment against it and in favor of Plaintiff in the amount of $129,492.11, plus interest, and any "such sum as the Court may fix as attorney's fees," which I granted on March 2, 2015. On March 11, 2015, the Clerk of the Court entered default against H2C. Plaintiff now asks the Court for entry of default judgment and assessment of damages against that same defendant. For the reasons stated below, Plaintiff's motion for default judgment will be granted. Judgment will be entered in Plaintiff's favor and against H2C, jointly and severally with 1VH, in the amount of $129,492.11, plus interest of $40.07 from October 8, 2014 through the date of this judgment, plus an additional $28,254.41 in costs and attorney's fees.

## I. BACKGROUND[1]

Defendant H2C is a business devoted to the provision of virtual medical services by contracting with healthcare providers to deliver telemedicine, that is, healthcare delivered over the phone, online, or otherwise not in-person. Plaintiff, a physician, served as an independent contractor of H2C with the title of "Executive Medical Director" between May 2011 and June 2014. Plaintiff worked in this capacity to develop H2C's offerings in alternative medicine, including homeopathy, naturopathic medicine, botanical medicine, and nutritional therapy. Between September 2012 and June 2013, the founder and President of H2C, Tracy Wood, convinced Plaintiff to make several loans to H2C in order to prevent the entity from going out of business.

Plaintiff made six separate loans to H2C during this period, lending the company a total of $107,500. The principal amounts, interest rates, and dates of the loans are as follows: (1) $20,000 on September 17, 2012, accruing interest at the annual rate of ten percent; (2) $10,000

---

[1] On a motion for default, the plaintiff's factual allegations are accepted as true, excluding the determination of damages. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted).

on October 22, 2012, accruing interest at the annual rate of ten percent; (3) $20,000 on December 14, 2012, accruing interest at the annual rate of fifteen percent; (4) $20,000 on April 22, 2013, accruing interest at the annual rate of fifteen percent; (5) $25,000 on June 1, 2013, accruing interest at the annual rate of fifteen percent; and (6) $12,500 on June 21, 2013, accruing interest at the annual rate of fifteen percent. Various interest and principal payments on these loans became due between April 12, 2013 and June 21, 2014, but H2C failed to tender Mr. Fleisher what he was owed, defaulting on all six notes. As of October 8, 2014, H2C owed Mr. Fleisher $129,492.11 in principal and accrued interest, with an additional $40.07 of interest accruing every day. Significantly, each promissory note provides that H2C shall pay Mr. Fleisher's attorney's fees if he takes legal action to enforce the note. Mr. Fleisher brought H2C's default on the notes to the attention of Tracy Wood, but she refused to engage in any meaningful discussion with him. At some indeterminate point in time following these failed attempts at mediation, Plaintiff informed H2C that he would take legal action to collect the debt owed to him.

Shortly after Plaintiff demanded that H2C cure its default, Tracy Wood incorporated a new entity, 1VH. According to Plaintiff, this corporation is a successor to and mere continuation of H2C, formed for the purpose of evading H2C's existing obligations. He states that both companies have the same location in Riverside, California for their principal place of business. He also alleges that H2C has long operated under the name 1VirtualHealth.com and has used the internet website www.vhealthclinic.com while conducting business as H2C. Additionally, he states that both companies were founded by and are now controlled by the same person, Tracy Wood, who serves as the President of H2C and the "controlling officer" of 1VH. Plaintiff further contends that the H2C and 1VH hold themselves out to third parties as the same

company. Minutes from H2C's executive meetings reflect that H2C employees used the H2C's name interchangeably with "1 Virtual Health" and "1VH."

## II. DISCUSSION

### *A. Default Judgment*

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The clerk of court's interlocutory "entry of default" pursuant to Federal Rule of Civil Procedure 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court. *Carbon Fuel Co. v. USX Corp.*, 153 F.3d 719 (Table), 1998 WL 480809 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Federal Rule of Civil Procedure 55(b). *Id.* Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In circumstances where the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be made by a court." *Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006).

As I have already noted, upon default the plaintiff's factual allegations are accepted as true for all purposes, excluding the determination of damages. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive

pleading is required and the allegation is not denied."). Although the clear policy of the Federal Rules of Civil Procedure is to encourage dispositions of claims on their merits, the entry of default judgment is committed to the discretion of the trial court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). In reviewing motions for default judgment, courts have referred to the following factors:

> (1) whether there is a large amount of money involved in the litigation; (2) whether there are material issues of fact in the case needing resolution; (3) whether the case involves issues of great public importance; (4) whether the grounds for the motion for a default judgment are highly technical; (5) whether the party asking for a default judgment has been prejudiced by the non-moving party's actions or omissions; (6) whether the actions or omissions giving rise to the motion for a default judgment are the result of a good-faith mistake on the part of the non-moving party; (7) whether the actions or omissions giving rise to the motion for a default judgment are the result of excusable neglect on the part of the non-moving party; and (8) whether the grounds offered for the entry of a default judgment are clearly established

*Faulknier v. Heritage Financial Corp*., 1991 U.S. Dist. LEXIS 15748 (W.D. Va. May 20, 1991) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §§ 2684-85 (1990)).

Defendant H2C has failed to participate in this litigation in any meaningful way. Defendant has not filed a pleading in response to the Amended Complaint, nor has it filed any document with the Court since moving for an extension of time to respond to the original Complaint. The deadline for filing a timely response to the Amended Complaint, which was filed on December 1, 2014, has long since passed.

***C. Damages, Costs, and Attorney's Fees***

As stated above, Plaintiff seeks an award of $129,532.18, plus $28,254.41 in attorney's fees and costs. While Plaintiff's factual averments must be taken as true, his assessment of the damages need not be. *See Ryan,* 253 F.3d at 780; Fed. R. Civ. P. 8(b)(6). However, a district court entering a default judgment may award damages ascertainable from the pleadings without

holding a hearing. *See Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 91 (4th Cir. 1989) (affirming a default judgment where more than $8 million in damages were awarded without a hearing). As explained herein, the damages in this action are ascertainable from the pleadings.

Plaintiff has attached the promissory notes as exhibits. Based on my review of the promissory notes, I conclude that Plaintiff's characterization of the instruments is accurate. Accepting Plaintiff's allegations as true, I also find that H2C has defaulted on its obligations under the notes. Furthermore, after an independent review of the promissory notes, I find that Plaintiff's determination of the amount due thereunder is also correct. Accordingly, Plaintiff is entitled to an award of $129,532.18, plus any additional interest occurred since October 8, 2014 for H2C's breach of contract with respect to the six promissory notes. This amount is due jointly and severally by H2C and 1VH.

The promissory notes also provide for attorney's fees. All six instruments contain the following provision: "If any action be instituted on this note, the undersigned [H2C] promise(s) to such a sum as the Court may fix as attorney's fees." Am. Compl. Ex. 1-6. Accordingly, I determine that H2C is liable for Plaintiff's attorney's fees and costs in this action. On April 7, 2015, I issued an order awarding Plaintiff attorney's fees and costs in the amount of $28,254.41. The logic behind the determination of that sum was articulated in my order and Plaintiff's affidavit, so I will not revisit it here. H2C is jointly and severally liable with 1VH for the $28,254.41 in attorney's fees and costs that Plaintiff accumulated in litigating this action.

## III. Conclusion

For the reasons set forth above, I will grant Plaintiff's motion for entry of default judgment and assessment of damages against Defendant How2Connect.com, Inc., doing business

as 1VirtualHealth.com. An order will be entered against H2C awarding Plaintiff damages, jointly and severally with 1VH, in the amount of $129,492.11, plus interest of $40.07 from October 8, 2014 through the date of this judgment, plus an additional $28,254.41 in costs and attorney's fees.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 28th day of April, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE